UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Cause No. | 1:22-cr-00181-MPB-TAB |
| | ) | | |
| JERRY BOND, | ) | | - 01 |
| | ) | | |
| Defendant. | ) | | |

## REPORT AND RECOMMENDATION

On September 12, 2025, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on July 14, 2025. Defendant Bond appeared in person with his retained counsel Doneaka Rucker-Brooks. The government appeared by Samantha Spiro, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Tasha Taylor.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court previously advised Defendant Bond of his rights and provided him with a copy of the petition at the initial hearing on September 10, 2025. Defendant Bond orally waived his right to a preliminary hearing on September 10, 2025.

2. After being placed under oath, Defendant Bond re-admitted violation numbers 1, 2, and 4 and admitted to 3, 5, and 6. [Docket No. 117.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage."** |
| | As previously reported to the Court, On February 28, and April 1, 2024, Mr. Bond submitted urine samples which tested positive for marijuana. Both samples confirmed positive by admission or via laboratory analysis. |
| 2 | **"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods."** |
| | As previously reported to the Court, on April 1, 2024, the offender reported to the U.S. Probation Office for a random drug test and was found with a Whizzinator on his person in an attempt to tamper with the results of his drug screen.<br>Also as previously reported to the Court, Mr. Bond was placed on the Code-a-Phone (CAP) drug testing system on May 1, 2024. He failed to report for CAP testing on multiple instances between May 15, and September 25, 2024 (May 15, June 10, June 24, June 26, August 7, and September 25, 2024). |
| 3 | **"The defendant must pay the total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment."** |
| | The offender was instructed to make payments of $75 per month toward his fine to begin April 15, 2025. As of the filing of this report, he has made one payment of $50 on April 1, 2025, and failed to make payments in May and June 2025. He has an outstanding fine balance of $1,950. |
| 4 | **"You shall report to the probation officer in a manner and frequency directed by the court or probation officer."** |
| | Mr. Bond was instructed to report weekly to the probation officer to submit employment verification logs. He failed to report as directed on April 21, May 19, and June 9, 2025. |

| | |
|---|---|
| 5 | **"You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision."** |
| | On June 2, 2025, the offender failed to provide an employment verification log to the probation officer. He reported as directed and stated he forgot he would not be able to bring his phone into the building. The expectations of submitting an employment log were reviewed with him several times and he expressed understanding. He used the excuse of not being able to bring his phone into the building previously and had been told to make sure to have hard copies or email the requested information prior to entering the building. |
| 6 | **"You shall be monitored by GPS monitoring for a period of 10 months, to commence as soon as practical, and shall abide by all the technology requirements. You may be restricted to your residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court-ordered obligations, and activities pre-approved by the probation officer."** |
| | Mr. Bond left his residence without an approved schedule on March 12, May 29, June 9, June 21, and July 4, 2025. |
| | The offender was approved by the probation officer to be away from his residence to either pick up and drop off his children from their respective schools, various medical appointments, employment activities, for grocery shopping, or to attend religious services. However, he made unapproved stops and/or went to places other than for the purposes approved on the following dates: April 2, April 3, April 14, May 5, June 15, Additionally, on June 13, 2025, he failed to return home on time. |

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade C violation.

    (b) Defendant's criminal history category is II.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 4 to 10 months' imprisonment.

5. The government argued for a sentence of 7 months with no supervised release to follow. Defendant's counsel argued for no imprisonment.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition as set forth in violation numbers 3, 5 and 6, however, no imprisonment is imposed in large part due to the impact imprisonment would have on his children as their sole surviving parent. Violations 1, 2, and 4 were previously admitted to and the parties recommended a modification to the Defendant's term of supervision which was subsequently ordered.

Defendant reviewed the above noted conditions with his attorney.

Defendant is released on current conditions of supervised release including GPS monitoring pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 9/17/2025

_____
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system